

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:20-561-MGL-5 |
| § | |
| JEMICA OCTAVIA MAXWELL, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE,
AND DEEMING AS MOOT MOTION TO EXPEDITE
AND REQUEST TO APPOINT COUNSEL**

**I.     INTRODUCTION**

Pending before the Court are Defendant Jemica Octavia Maxwell's (Maxwell) motion for compassionate release, motion to expedite, and request to appoint counsel.  Having carefully considered the motions, the request, the response, the supplement, the record, and the applicable law, it is the judgment of the Court the motion for compassionate release will be denied and the motion to expedite and the request to appoint counsel will be deemed as moot.

**II.     FACTUAL AND PROCEDURAL HISTORY**

Maxwell pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribution of a controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 846.  The Court sentenced Maxwell to twenty-four months of incarceration and a three-year-term of supervised release.

Maxwell alleges she suffers from hypertension, undiagnosed pain and bleeding in her reproductive system, and mental illness. She contends this increases her risk of COVID-19.

The Court subsequently sentenced her older son, Shaquan Maxwell (Shaquan) in this case. Maxwell contends Shaquan was involved in caring for her younger, fourteen-year-old son, K.G., while she has been incarcerated. It appears, however, K.G. resides with Maxwell's sister, Linda Maxwell (Linda).

Maxwell contends while incarcerated at Federal Correctional Institution, Tallahassee (FCI Tallahassee), she was forced by a female officer to undress in front of a male officer while in a populated area of the prison. And, she reports poor conditions in FCI Tallahassee, including staffing shortages, roof and window leaks, and rotten food.

Maxwell currently has a projected release date of August 10, 2024.

After Maxwell filed her motions and request, she filed a supplement to her motion for compassionate release. Subsequently, the government responded. Maxwell failed to file a reply. The Court, having been fully briefed on the relevant issues, will now adjudicate the request and motions.

### III.    STANDARD OF REVIEW

After a defendant has exhausted her administrative remedies, the Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A). As of November 1, 2023, United States Sentencing Guideline (U.S.S.G) § 1B1.13 contains the applicable policy statement.

Section 1B1.13 now identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated situations in the policy statement; and (6) the defendant received an "unusually long sentence[.]"  U.S.S.G. § 1B1.13(b).

Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors.  *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

**IV.    DISCUSSION AND ANALYSIS**

As an initial matter, Maxwell has exhausted her administrative remedies.  The Court thus turns to the merits of her motion.

>    A.    *Whether Maxwell presents extraordinary and compelling reasons warranting a reduction of her sentence under 18 U.S.C. § 3582(c)*
>
>        1.    *Whether Maxwell's medical conditions constitute extraordinary and compelling reasons*

Maxwell posits her various medical conditions and the increased risk of COVID-19 they purportedly cause establish extraordinary and compelling reasons.  The government maintains Maxwell's conditions fail to substantially diminish her ability to provide self-care in the Bureau of Prisons (BOP).

3

Under U.S.S.G. § 1B1.13, extraordinary and compelling reasons for a reduction in sentence exist with respect to a medical condition when either the defendant is suffering from a terminal illness—defined as a serious and advanced illness with an end of life trajectory—or from a serious condition or impairment that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13(b)(1).

As stated above, Maxwell alleges she suffers from hypertension, undiagnosed pain and bleeding in her reproductive system, and mental illness. She neglects to allege any of these conditions is terminal. Moreover, although she asserts understaffing has led to delays in treatment, the Court has reviewed Maxwell's medical records, and it appears the BOP is adequately managing her conditions. It appears she is housed in the general population, able to walk and otherwise participate in prison activities, and thus is able to provide self-care in the BOP.

And, any increased risk of COVID-19 from her hypertension or other conditions fails to afford her relief. Maxwell has failed to present any evidence of any acute risk that elevates her ailments from other chronic, but managed, illnesses.

In sum, Maxwell's medical conditions fail to rise to the level of extraordinary and compelling reasons for her release.

> 2. *Whether Maxwell's family circumstances constitute extraordinary and compelling reasons*

Maxwell also contends the need to care for K.G. constitutes an extraordinary and compelling reason for her release. The government contends she has failed to show a lack of another available caregiver or the incapacitation of a current caregiver.

To constitute an extraordinary and compelling reason based on the need to care for minor children, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children[.]" U.S.S.G. § 1B1.13(b)(3)(A).

Maxwell cites the fact her older son, Shaquan, who has served as a "major part" of K.G.'s "care and safety[,]" was recently sentenced. Motion to Expedite at 1. Although she speculated in her motion to expedite this may result in homelessness for K.G., she fails to mention a lack of housing in her supplement. Instead, the supplement focuses on the fact that "witnessing and experiencing his older brother and best friend self-surrender to the custody of the [BOP]" has resulted in a decline in K.G.'s mental health. Supplement at 4.

Maxwell has failed to show there exist no other caregivers for K.G. In fact, Shaquan's presentence investigation report, docketed November 15, 2023, states K.G. lives with Maxwell's sister, Linda. The Court lacks any evidence Linda has failed to continue to care for K.G.

Although the Court recognizes the catastrophic impact incarceration has on families, it determines the circumstances in this case fail to rise to the level of extraordinary and compelling reasons as contemplated by the policy statement.

### 3.  *Whether the alleged abuse by BOP staff constitutes extraordinary and compelling reasons*

As the Court described above, Maxwell alleges a female BOP staff member forced her to undress in front of a male officer while in a heavily populated area. The government posits Maxwell has insufficient proof of her claims and, in any event, her allegations fail to qualify as sexual abuse under the policy statement.

Under U.S.S.G § 1B1.13(b)(4), a defendant may establish extraordinary and compelling reasons if they are the victim of sexual or physical abuse while in custody by, or at the direction of, a BOP employee, officer, contractor, or other individual with control over the defendant.

The policy statement requires the misconduct "be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed, or the defendant is in imminent danger." *Id.*

5

Maxwell has failed to present evidence of any such conviction or finding against the BOP employees in question. She has also neglected to establish any "such proceedings are unduly delayed, or [that she ] is in imminent danger." *Id.*

Accordingly, she has failed to establish extraordinary and compelling reasons on this ground, as well.

### 4. *Whether the conditions at Maxwell's facility constitute extraordinary and compelling reasons*

Finally, Maxwell also contends the poor conditions in her facility constitute extraordinary and compelling reasons for her release. The government contends harsh prison conditions fail to justify a reduced sentence.

The United States Sentencing Guidelines fail to enumerate prison conditions as an extraordinary and compelling reason for a reduced sentence. Thus, to qualify for relief, the conditions suffered by Maxwell must constitute "any other circumstances or combination of circumstances . . . similar in gravity to" the circumstances "described in [the enumerated situations] (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

Maxwell complains the prison has leaks, poor sanitary conditions in the kitchen, and inadequate testing for infections. She cites a report published by the United States Department of Justice Office of the Inspector General (the OIG).

After a surprise visit, the OIG reported FCI Tallahassee served rotten food to inmates, the roofs and windows in the prison routinely leak and the roofs need replacing, and medical care is negatively impacted by staff shortages. *See, e.g. Inspection of the Federal Bureau of Prisons' Federal Correctional Institution Tallahassee*, OIG, https://oig.justice.gov/reports/inspection-federal-bureau-prisons-federal-correctional-institution-tallahassee, at i (last visited February 20, 2024) ("Many female inmates live in housing units in which water frequently leaks from ceilings

6

and windows on or near their living spaces. We observed housing areas in which feminine hygiene products were being used to absorb water from leaking windows, an electrical outlet that appeared to have fire damage, a sink that was detached from the wall, and a black substance on walls and ceilings.").

The Court is quite concerned about the conditions observed by the OIG. The proper method to address these issues, however, is through a civil suit. *Cf. Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (explaining challenge to inhumane prison conditions is cognizable in civil cause of action).

The Court is unable to determine, based on a single report to which the BOP has lacked the opportunity to respond, the conditions at FCI Tallahassee warrant a finding of extraordinary and compelling reasons here. Such a finding would have a sweeping impact the Court finds to be premature and outside its purview in this case.

Simply put, the Court determines these allegations fail to qualify as extraordinary and compelling reasons for compassionate release.

**B.    *Whether the Section 3553(a) factors weigh in favor of a reduction of sentence***

Even if the Court determined extraordinary and compelling circumstances exist in this case, however, analysis of the Section 3553(a) factors would preclude reducing Maxwell's sentence. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes by the defendant;

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .[;]
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Maxwell pled guilty to a serious offense. She used her residence for the purpose of storing and distributing controlled substances. She also possessed a firearm. And, although she has limited criminal history, this is reflected in her relatively short sentence.

Maxwell asserts she has taken steps toward rehabilitation while incarcerated, including GED classes, self-help classes, and drug education, and has maintained a clear disciplinary record. Although the Court is pleased with Maxwell's rehabilitative efforts, and encourages Maxwell to continue them, she has done no more than the Court hopes of every defendant. *Cf.* 28 U.S.C. § 994(t) (instructing commission in "promulgating general policy statements regarding" compassionate release, "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Maxwell's twenty-four-month sentence fails to create any unwarranted disparities among similarly situated defendants. In fact, the Court varied downward from the guideline range of thirty-seven to forty-six months.

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Maxwell's current sentence is sufficient, but no longer than necessary, to promote

respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case.

The Court will therefore deny Maxwell's motion for compassionate release.

**V.     CONCLUSION**

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Maxwell's motion for compassionate release, ECF No. 504, is **DENIED**. And as the Court has ruled on the motion for compassionate release, Maxwell's motion to expedite, ECF No. 505, and request to appoint counsel, ECF No. 504, are **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 27th day of February 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
